IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MOHAMMED ABUHARBA,** **#Y16719,** | |
| Plaintiff, | Case No. 23-cv-01761-SPM |
| v. | |
| **LAWSON,** **MCVEY, and** **MOLDENHAUER,** | |
| Defendants. | |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This case was severed from *Abuharba v. Pritzker*, *et al*., No. 23-cv-01138-GCS on May 25, 2023. (Doc. 1). It contains the claims designated as Counts 3, 5, and 6 regarding inadequate medical care Plaintiff received after contracting COVID-19. Plaintiff has notified the Court that he wishes to proceed with this severed lawsuit. (Doc. 5, 6). The allegations of the Complaint relating to Counts 3, 5, and 6 are now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv*., 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Plaintiff states that on November 30, 2020, while housed at Menard Correctional Center, he contracted COVID-19. (Doc. 2, p. 8). As the day progressed, Plaintiff alleges his symptoms

worsened and he became bedridden and experienced terrible pain. He informed Correctional Officer Lawson of his symptoms and asked for medical attention. Lawson, however, failed to obtain medical care for Plaintiff. (*Id.*). The next morning, Plaintiff informed Correctional Officer James of his symptoms, and James promptly took Plaintiff to receive medical treatment. (Doc. 2, p. 9). Plaintiff tested positive for COVID-19 and was placed under quarantine. (*Id.*).

Since contracting COVID-19, Plaintiff continues to suffer from ongoing symptoms such as chest pain, loss of feeling in his fingertips and toes, and shooting pain and numbness in his right arm. (Doc. 2, p. 10). On June 26, 2021, Plaintiff asked for emergency medical attention and was escorted the health care unit. The medical technician determined that Plaintiff had a low heart rate, and he was scheduled to see a doctor. Later that day, Plaintiff began experience more severe chest pains. He told Correctional Officer McVey about his symptoms and stated that he needed to see a medical technician. McVey ignored Plaintiff's request and left him in his cell to suffer. (*Id.*).

At some point, Plaintiff was seen by Nurse Practitioner Moldenhauer. Moldenhauer performed several tests, including blood tests, vital checks, and an EKG. (Doc. 2, p. 10). The cause of Plaintiff's symptoms was never determined, and he has not received any medical treatment or further evaluation. All medical evaluations have stopped, but Plaintiff continues to experience all the same symptoms with no relief. He believes that the symptoms stem from contracting COVID-19 while at the prison. (*Id.* at p. 11).

## DISCUSSION

Based on the allegations in the Complaint, the Court will redesignate the counts as follows:

**Count 1:** Eighth Amendment deliberate indifference claim against Lawson for failing to provide Plaintiff with medical care on November 30, 2020.

**Count 2:** Eighth Amendment deliberate indifference claim against McVey for

>           failing to provide Plaintiff with emergency medical care in June 2021.
>
> **Count 3:**   Eighth Amendment deliberate indifference claim against Moldenhauer for inadequate treatment of Plaintiff's ongoing post COVID symptoms.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

The Eighth Amendment prohibits the deliberate indifference to a prisoner's "serious medical needs," as deliberate indifference "constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution." *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 828 (7th Cir. 2009) (internal quotations omitted). To successfully state an Eighth Amendment claim of deliberate indifference, a plaintiff must plead that the defendant knew of a serious risk of harm and consciously disregarded it. *See Giles v. Godinez*, 914 F. 3d 1040, 1049 (7th Cir. 2019).

At this stage, Plaintiff has successfully stated a claim against all three Defendants for deliberate indifference, and Counts 1, 2, and 3 will proceed.

## Disposition

For the reasons states above, the Complaint, as limited by the severance order, survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against Lawson. **COUNT 2** will proceed against McVey. **COUNT 3** will proceed against Moldenhauer.

Because Plaintiff's claims involve allegations regarding his medical care, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

---

[1] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Clerk of Court shall prepare for Lawson, McVey, and Moldenhauer the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendants' place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

All Defendants are **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants only need to respond to the issues stated in this Merit Review Order.**

The motion for status is **DENIED as moot** in light of this Order. (Doc. 10).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for

want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   January 19, 2024**

                                                   *s/Stephen P. McGlynn*
                                                   **STEPHEN P. MCGLYNN**
                                                   **United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.